IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BLECCS, INC. d/b/a STEWART CORBITT GENERAL CONTRACTORS, | * * * * | |
| Plaintiff, | * * | CV 109-019 |
| v. | * * | |
| AUGUSTA, GEORGIA, | * * | |
| Defendant. | * | |

**O R D E R**

The captioned case is before the Court on the parties' cross motions for summary judgment. (Doc. nos. 26 & 30.) Both parties have responded and replied to each others' respective motions. Based upon the pleadings, the relevant statutes and case law, and arguments of counsel, Defendant's motion (doc. no. 26) is **GRANTED,** and Plaintiff's motion (doc. no. 30) is **DENIED**.

**I. Background**

The background facts of this case are drawn from the parties' statements of undisputed material facts, affidavits on

file in the record, as well as other discovery items filed with the Court.

In July 2008, Defendant Augusta, Georgia issued Invitation to Bid (ITB) 08-167 for the construction of the Fire Administration Building for the Augusta Fire Department, located at 3125 Deans Bridge Road, Augusta, Georgia 30906. Plaintiff Bleccs, Inc., operating under the trade name Stewart Corbitt General Contactors (Plaintiff), and other companies bid, but because all bids exceeded the budget amount for the project, Defendant rejected all bids and rebid the project as ITB 08-167A in October/November 2008.

Plaintiff once again bid on the project. Although Plaintiff submitted the lowest bid for ITB 08-167A, it was rejected due to noncompliance because Plaintiff's notary public failed to put a date on several notarizations and failed to notarize one document. (Sams Aff. ¶ 5, Doc. no. 13.) Defendant awarded the job to the second lowest bidder, RCN Contracting, Inc. (RCN), whose bid was approximately $9,000 more than Plaintiff's. (Sams Aff. Ex. A, E.) The ITB had one other bidder deemed compliant by Defendant, Continental Construction, Co. (Continental). Plaintiff argues that RCN should have been deemed non-compliant for several reasons.

After being notified of Plaintiff's noncompliance, but before the award of the bid to RCN, Plaintiff filed a letter of

protest with Defendant asking Defendant to waive the deficiencies in its bid as a technicality. On January 12, 2009, Plaintiff was given the opportunity to make its protest before a meeting of the Administrative Services Committee of the Augusta-Richmond County Commission (ARCC). (Sams Aff. ¶¶ 10-11.) The Committee accepted Plaintiff's protest as information and referred the issue to the entire ARCC for final action. On January 22, 2009, the ARCC met and awarded the contract to RCN. (Id. ¶ 12.)

After the filing of Plaintiff's complaint, Plaintiff moved for an injunction against the award of the contract to RCN and for the Court to enjoin Defendant from using its procurement code in future awards. (Doc. no. 5.) The Court, after a hearing on the matter, denied Plaintiff's motion. (Order of May 22, 2009, Doc. no. 23.) The parties then filed cross motions for summary judgment, now before the Court. Plaintiff contends that, through discovery taken place subsequent to its injunction being denied, it has unearthed facts sufficient to entitle Plaintiff to summary judgment on its claims. (See Pl.'s UF ¶¶ 10-28; Duncan Aff. ¶ 4(a)-(v), ¶ 5(a)-(p).) These facts consist of more alleged non-compliant aspects of RCN's bid, as well as alleged noncompliant aspects of Continental's bid. Meanwhile, construction of the Fire Administration Building has been completed.

3

## II. Summary Judgment Standard

Summary judgment is appropriate when there are no genuine issues of fact and the movant is entitled to summary judgment as a matter of law. See Fed. R. Civ. P. 56(c). The purpose of the summary judgment rule is to dispose of unsupported claims or defenses which, as a matter of law, raise no genuine issues of material fact suitable for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In considering a motion for summary judgment, all facts and reasonable inferences are to be construed in favor of the non-moving party. Hogan v. Allstate Ins. Co., 361 F.3d 621, 625 (11th Cir. 2004). The party opposed to the summary judgment motion, however, "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990). Summary judgment is not appropriate ". . . if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In response to the parties' motions for summary judgment, the Clerk issued Griffith[1] notices on August 10 and 14, 2009. (Doc. nos. 28 & 31.)

---

[1] Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam).

4

## III. Discussion

### A. 28 U.S.C. § 1983

Plaintiff seeks to obtain a monetary award for alleged due process violations pursuant to 28 U.S.C. § 1983. Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 816-17 (1985). Therefore, only if Plaintiff succeeds in establishing a violation of either substantive or procedural due process rights would a monetary award be proper under Section 1983. Thus, the first inquiry is whether there has been a constitutional violation at all. The Court concludes that no constitutional violation occurred.

Plaintiff contends that it has suffered violations of its right to due process under the Fourteenth Amendment to the United States Constitution, which states that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. Plaintiff alleges violations of both substantive and procedural due process rights by the City's alleged arbitrary deprivation of Plaintiff's property interests in the sought after contract.

The relevant law in this area is set forth in recent, previous orders of the Court. <u>See</u> <u>The Alison Group v. Augusta</u>, Case No. 109-cv-105, Order of October 13, 2009, at 4-10 (S.D. Ga.); <u>Bleccs, Inc. v. Augusta</u>, Case No. 109-cv-019, Order of May

5

22, 2009, at 15-19 (S.D. Ga.). See also Circa Ltd. v. City of Miami, 79 F.3d 1057 (11th Cir. 1996); Flint Elec. Membership Corp. v. Whitworth, 68 F.3d 1309, 1313 (11th Cir. 1995); Pataula Elec. Membership Corp. v. Whitworth, 951 F.2d 1238, 1242 (11th Cir. 1992).

For the reasons set forth in the Court's Order of May 22, 2009, Plaintiff is not a responsive bidder within the meaning of Circa and Pataula. This determination is based upon the undisputed fact that Plaintiff failed to properly notarize several documents, rendering Plaintiff a non-responsive bidder. No new facts learned through discovery alter this. Plaintiff therefore can have no expectation of or entitlement to a property interest in the award of the contract for purposes of a substantive due process claim.[2] (Order of May 22, 2009 at 19-20.) For this reason, Plaintiff's substantive due process claim fails as a matter of law, and Defendant is thus entitled to summary judgment on the substantive due process claim.

Moreover, the Eleventh Circuit has held that substantive due process claims stemming from non-legislative deprivations of state-created property rights are not cognizable in the context

---

[2] Plaintiff argues in the alternative, that because, in its view, no bidders were compliant for ITB 08-167A, Plaintiff has an interest in 08-167A being rebid. Plaintiff's arguments on this point seem to conflate equal protection and due process concepts. (Pl.'s Resp. to Def.'s Mot. for Summ. J. at 9-10.) Plaintiff is foreclosed from bringing equal protection claims in this lawsuit. (See Order of November 19, 2009, Doc. no. 60.) Further, the Court concludes that the substantive due process analysis herein applies equally to Plaintiff's argued expectation in having 08-167A rebid.

of a disappointed bidder of a government contract. See Flint, 68 F.3d at 1313 (applying McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994)); see also Abele v. Hernando County, 161 Fed. Appx. 809, 815-16 (11th Cir. 2005) (discussing further McKinney's foreclosure of substantive due process claims based on deprivations of state-created rights).

Flint involved an appeal originating from the Pataula case upon which Plaintiff relies. Faced with this precedent, Plaintiff attempts to distinguish Flint by stating the city's decision here was legislative because the Augusta-Richmond County Commission took the official action in awarding the contract to RCN. Plaintiff cites in support the case of Villas of Lake Jackson, LTD. v. Leon County, 884 F. Supp. 1544, 1574 (N.D. Fla. 1995) (recognizing that McKinney does not foreclose federal substantive due process claims arising out of legislative deprivations of state created property rights). The Villas of Lake Jackson, LTD. court never applied McKinney, however, because the plaintiff there did not establish the existence of any state-created property right. Id. The court did reason, in dicta, that comprehensive zoning ordinances applying to large segments of real property owners are properly construed as legislative in nature, while instances of zoning actions affecting only a limited number of persons are non-legislative in nature. 884 F. Supp at 1575. Thus, to the extent

that the court discussed McKinney's impact in dicta, it is consistent with this Court's ruling.

Here, any deprivation of Plaintiffs' property rights, if the property rights exist, stems from non-legislative conduct. RCN and Plaintiff submitted bids to the city's Procurement Department where the bids were evaluated for compliance with bid specifications. Plaintiff's bid was deemed not compliant. Plaintiff unsuccessfully protested non-compliance finding. The Augusta-Richmond County Commission then approved the selection of RCN for the contract.

"While the actions of some government officials can easily be categorized as legislative or executive, for others, like county commissioners who act in both a legislative and executive capacity, sorting out which hat they were wearing when they made a decision can be difficult." Lewis v. Brown, 409 F.3d 1271, 1273 (11th Cir. 2005). The Eleventh Circuit, in McKinney, articulated the following legal test to determine whether an act is legislative or non-legislative:

> Executive acts characteristically apply to a limited number of persons (and often to only one person); executive acts typically arise from the ministerial or administrative activities of members of the executive branch. The most common examples are employment terminations. . . . Legislative acts, on the other hand, generally apply to a larger segment of-if not all of-society; laws and broad-ranging executive regulations are the most common examples.

20 F.3d at 1557 n.9 (citation omitted). In the instant case, application of the McKinney test reveals that the city's action here in procuring RCN was not legislative, but was rather executive or administrative. The decision affects only RCN, Plaintiff, and the other bidders of ITB 08-167A. The decision does not apply to society at large. See Lewis, 409 F.3d at 1273 (finding executive action in application of county zoning law because decision affected a limited number of persons, namely, the plaintiff); Flint, 68 F.3d at 1313 n.4 (finding executive action in selection of a bidder for state contract according to state procurement law, stating "[t]he alleged deprivations at issue here plainly stem from non-legislative acts"); Bass v. City of Forsyth Georgia, No. 5:06-cv-278, 2007 WL 4117778, at *3-4 (M.D. Ga. Nov. 16, 2007) (finding executive action in city council's vote to apply zoning law because "crucial distinction" between executive and legislative acts is the impact the government act has on public, and the act did not affect a large segment of society). The selection of RCN was an executive or administrative act.

Further, to the extent Plaintiff asserts it has a "constitutionally protected property interest" in the city contract, it relies on state law establishing a disappointed bidder's general standing to sue to recover reasonable bid preparation costs. See Hilton Constr. Co. v. Rockdale County Bd.

of Educ., 245 Ga. 533, 538 (1980) (finding disappointed bidder had "general legal interest" providing standing to sue under Georgia law); Amdahl Corp. v. Georgia Dep't of Admin. Servs., 260 Ga. 690, 695-96 (1990) (concluding disappointed bidder had standing under Georgia law to sue because it suffered injury in fact and asserted an interest arguably within the zone of interests protected by Georgia procurement laws); City of Atlanta v. J.A. Jones Const. Co., 260 Ga. 658, 659 (1990) (holding recovery to a "frustrated bidder" is limited to reasonable bid preparation costs under Georgia law). Therefore, even if Plaintiff had a property right in this case, it would arise under state law.

Because the decision to select RCN was non-legislative and arises under state law, Plaintiff has no cognizable substantive due process claim. Accordingly, Defendant is entitled to summary judgment on Plaintiff's substantive due process claim.

Plaintiff further argues its procedural due process rights have been violated through the city's application of the Augusta Code, particularly § 1-10-67. Plaintiff argues its purported property right in the City contract was deprived without adequate procedural due process because § 1-10-67 requires that protests by participants in connection with ITBs take place prior to the city's opening of bids. It further argues that the hearing before the ARCC was inadequate.

In Flint, the Eleventh Circuit, applying McKinney, ruled that disappointed bidders similar to Plaintiff had no federal procedural due process claim actionable under § 1983. 68 F.3d at 1313-14. The court reasoned that, under Georgia law, when government frustrates the bidding process, disappointed bidders, in addition to filing an action based on O.C.G.A. § 50-5-79, may bring an action in state court seeking equitable relief and damages limited to the recovery of reasonable bid preparation costs. Id.; see Amdahl Corp., 260 Ga. at 695-96; City of Atlanta, 260 Ga. at 659; Hilton Constr. Co., 245 Ga. at 538. Here, state law provides an adequate procedural remedy for a disappointed bidder to a government contract.

Because the State of Georgia provides an adequate avenue for redress of Plaintiff's claims, Plaintiff has no federal procedural due process claim actionable under § 1983. Accordingly, Defendant is entitled to summary judgment on Plaintiff's procedural due process claim.

### B. Declaratory Judgment and Injunctive Relief

Plaintiff seeks a declaration that the Materiality and Bid Protest provisions of the Augusta Code are unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment. (Compl. ¶¶ 48-55; Mem. in Supp. of Pl.'s Mot. for Summ. J. at 22-23.) Plaintiff's facial and as applied challenges to the

Materiality Provision on vagueness grounds are rejected on the grounds previously stated by the Court. No new facts alter the judgment. (See Order of May 22, 2009 at 10-14.) Moreover, Plaintiff's challenge to the Bid Protest Provision is rejected. (See id. at 15-21.)

In the Order of May 22, 2009, the Court stated, in rejecting Plaintiff's challenge to the Bid Protest Provision, that "[t]he Procurement Director violates substantive due process if he or she acts in an arbitrary manner. Here, however, Plaintiff has made no showing that the Procurement Director acted in such an unconstitutional manner." (Id. at 20.) Plaintiff has presented new evidence discovered since the injunction hearing which demonstrates alleged deficiencies in RCN's and Continental's bids. This evidence, however, does not thwart the Court's reasoning in rejecting Plaintiff's challenges. Even if this new evidence establishes arbitrariness on the part of the Procurement Director, this could only, at best, overcome one of the Court's two reasons for rejecting Plaintiff's challenge. The Court also rejected Plaintiff's challenge to the Bid Protest Provision based upon Plaintiff's failure to be a responsive bidder. (Id. at 19-20.)

The Court will not declare that the Bid Protest and Materiality Provisions are unconstitutional. Further, the Court will not grant Plaintiff's requested permanent injunctive relief

because Plaintiff has failed to succeed on any federal claim, and the Court also finds that entering an injunction would be inequitable due to the advanced stage of performance of the city's contract with RCN. Summary judgment is thus **GRANTED** in favor of Defendant on these issues.

## IV. Conclusion

Upon the foregoing, Defendant's motion for summary judgment (doc. no. 26) is **GRANTED,** and Plaintiff's motion for summary judgment (doc. no. 30) is **DENIED** for the reasons stated herein. The Clerk is directed to **TERMINATE** all pending motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of March, 2010.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA